[Civ. No. 3697. Fourth Dist. Oct. 18, 1948.]

ANGELO B. ABELLERA, Appellant, v. HERMAN TOM et al., Respondents.

L. A. Gordon and Darwin H. Wolford for Appellant.

Horton & Knox for Respondents.

BARNARD, P. J.—This is an appeal from an order granting a new trial to certain defendants. The action is one for damages for malicious assault, it being alleged that the plaintiff was wrongfully assaulted in a place of amusement by two of the defendants who were then acting as agents and employees of three other defendants who owned the place of business. The action was tried before Judge Thompson, sitting without a jury. Findings and judgment were signed and filed on December 13, 1947, shortly before Judge Thompson retired from the bench. The judgment awarded the plaintiff $18,421 as against the owners of the business, $36,842 as against one of the alleged employees, and $55,264 against the other alleged employee.

Notice of intention to move for a new trial on all of the statutory grounds, except misconduct of the jury, was served and filed by the three owners of the business on December 3, 1947. Judge Thompson having retired, this motion was heard by Judge Heald on February 13, 1948, and was by him granted on February 18, 1948. A written order granting the motion was signed and filed which, after reciting that all parties had appeared and that it appeared to the court that the motion ought to be granted as to these three defendants, ordered the motion granted as to them upon all of the grounds stated in the notice, including insufficiency of the evidence. The plaintiff filed notice of appeal from this order, and also filed a notice to the clerk requesting the preparation of both a clerk's and a reporter's transcript.

A clerk's transcript was filed in this court on June 17, 1948. No reporter's transcript was ever filed and it was conceded at the hearing of this motion to dismiss that it is impossible to secure a reporter's transcript due to the fact that the reporter's notes have been lost, and that it is not possible to secure a satisfactory record by other means. Notice of a motion to dismiss the appeal for want of an adequate record was filed by the respondents on August 6, 1948. After a continuance, this motion was made and heard on October 13, 1948.

The record before us contains nothing material to the question now presented, except the notice of intention to move for a new trial upon the six statutory grounds and the court's order granting a new trial as to the respondents upon all of the grounds stated in the notice, including insufficiency of the evidence. The record is devoid of anything to show what was before the trial judge or considered by him in connection with presenting and deciding the motion for new trial. The burden was upon the appellant to present an adequate record in support of his appeal from the order granting a new trial, there was ample time for him to do so if it could be done, and in the absence of such a record no good reason appears for denying the motion to dismiss the appeal.

It would be an idle act to deny this motion to dismiss and to again consider the matter upon submission of the appeal. If that were done it would be incumbent upon the appellant to show that the court erred in granting a new trial as to these parties. Many of the questions then involved, including errors of law and insufficiency of the evidence, would depend upon a satisfactory record of what took place at the trial. Admittedly, such a record cannot be obtained. Under the existing circumstances, it appears rather obvious that the present appeal can serve no useful purpose. A very wide discretion rests with the trial court with respect to the granting of a new trial, and an order therefor should not be disturbed in the absence of a record which would disclose facts sufficient to justify such action.

The motion is granted and the appeal is dismissed.

Griffin, J., and Mussell, J., concurred.